IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA APPLEGATE, Administratrix | ) | No. 5:17-cv-03885-EGS |
| of the Estate of BRYAN A. APPLEGATE, | ) | |
| a/k/a BRYAN ALFRED APPLEGATE, Deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE EDWARD G. SMITH |
| | ) | |
| COUNTY OF NORTHAMPTON, | ) | |
| PRIMECARE MEDICAL, INC., | ) | |
| KISHORKUMAR DEDANIA, M.D., AND | ) | |
| BOB BARKER COMPANY, INC., | ) | |
| INDIVIDUALLY AND JOINTLY, | ) | CIVIL ACTION - LAW |
| Defendants. | ) | JURY TRIAL DEMANDED |

## ORDER

AND NOW, this ___16TH___ day of ___January___ 2019, upon consideration

of the Motion for Court Approval of Partial Settlement of Wrongful Death and Survival Action

claims,

**IT IS ORDERED**, that settlement of the above-captioned Estate's Wrongful Death and

Survival Action Claims for the gross sum of Two Hundred Thirty Five Thousand ($235,000.00)

Dollars is approved; to be paid by the Defendants Primecare Medical, Inc. and Kishorkumar

Dedania, M.D., and to be allocated 35% to the survival action and 65% to the wrongful death

action.

**IT IS FURTHER ORDERED**, that the settlement proceeds shall be distributed as

follows:

**Wrongful Death Action:**

John R. Vivian, Jr., Esquire and Adam D. Meshkov, Esquire

Counsel Fees…………………….……………………………..      $54,990.00

Costs incurred in preparation of litigation……………………….      $23,005.67

Balance due Victoria Applegate, Administrator of the Estate…………      $37,377.17
Balance due Thomas Applegate……………………………………      $37,377.17

**TOTAL WRONGFUL DEATH ACTION:**     **$152,750.00**

### Survival Action:

John R. Vivian, Jr., Esquire and Adam D. Meshkov, Esquire
Counsel Fees…………………….…………….……………….      $29,610.00

Costs incurred in preparation of litigation……………………….      $12,387.67

Balance due Victoria Applegate, Administrator of the Estate………      $20,126.17
Balance due Thomas Applegate……………………………………      $20,126.17

**TOTAL SURVIVAL ACTION:**     **$82,250.00**

BY THE COURT,



_____

EDWARD G. SMITH, JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA APPLEGATE, Administratrix | ) | No. 5:17-cv-03885-EGS |
| of the Estate of BRYAN A. APPLEGATE, | ) | |
| a/k/a BRYAN ALFRED APPLEGATE, Deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE EDWARD G. SMITH |
| | ) | |
| COUNTY OF NORTHAMPTON, | ) | |
| PRIMECARE MEDICAL, INC., | ) | |
| KISHORKUMAR DEDANIA, M.D., AND | ) | |
| BOB BARKER COMPANY, INC., | ) | |
| INDIVIDUALLY AND JOINTLY, | ) | CIVIL ACTION - LAW |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR COURT APPROVAL OF WRONGFUL DEATH AND
SURVIVAL PARTIAL SETTLEMENT**

**AND NOW**, this 16th day of January 2019, comes the Plaintiff, Victoria Applegate,

Administratrix of the Estate of Bryan A. Applegate, by and through her attorneys, John R.

Vivian, Jr., Esquire and Adam D. Meshkov, Esquire, and respectfully requests this Honorable

Court to approve the terms of the partial settlement in the above-captioned matter and the

distribution of funds hereinafter requested.  In support thereof, the Petitioner states the following:

　　　1.　　Plaintiff, Victoria Applegate, Administratrix of the Estate of Bryan A. Applegate,

is an adult individual residing at 1551 W. South Street, Apartment 3, Allentown, Commonwealth

of Pennsylvania, and at all times mentioned herein is acting in the capacity of Administrator of

the decedent's estate having been duly appointed by Dorothy L. Cole, Register of Wills, County

of Northampton, Commonwealth of Pennsylvania on June 16, 2016, pursuant to law; and as such is deemed to be a citizen of the Commonwealth of Pennsylvania.

2.      This is a wrongful death and survival action brought by Victoria Applegate, Administratrix of the Estate of Bryan A. Applegate, arising out of a hanging death by suicide of the decedent, Bryan A. Applegate that occurred on July 8, 2015 in Northampton County Prison, Easton, Northampton County, Pennsylvania.  This case has been filed on a Wrongful Death and Survival basis against the County of Northampton, the County hired medical provider, Prime Medical Care and one of their physicians, Dr. Dedania and the Bob Barker Company, Inc., the purveyors of prison supplies and in this case believed to be the provider of the suicide smock from which the velcro was removed and a ligature fastened, which was used in the commission of the suicide referenced herein.

3.      Brian A. Applegate died without a will and therefore, the distribution is governed by the Pennsylvania laws of Intestacy.

4.      Suit was commenced in Northampton County under the caption Victoria Applegate, Adm., of the Estate of Bryan A. Applegate, a/k/a Bryan Alfred Applegate, Deceased vs. County of Northampton, Primecare Medical, Inc., Kishorkumar Dedania, M.D., and Bob Barker Company, Inc., Individually and Jointly, under Docket Number 0048-CV-2017-0119 said matter was then transferred to the United States District Court for the Eastern District of Pennsylvania under the caption Victoria Applegate, Adm., of the Estate of Bryan A. Applegate, a/k/a Bryan Alfred Applegate, Deceased vs. County of Northampton, Primecare Medical, Inc., Kishorkumar Dedania, M.D., and Bob Barker Company, Inc., Individually and Jointly under Docket No. 5:17-CV-03885-EGS on August 29, 2017.  The matter was assigned to the Honorable

2

Edward G. Smith.  The matter is scheduled for trial commencing on January 8, 2019.  A settlement has been reached with the Defendant Primecare Medical Associates, Inc. and Kishorkumar Dedania, M.D. the complete terms of which are set forth hereinafter.

5.     Following the approval of this Honorable Court, the Plaintiff will have this settlement further approved in the Court of Common Pleas of Northampton County where the Estate is situate.

6.     At the time of his death, Brian A. Applegate was 29 years of age, having been born on  December 11, 1985, with a life expectancy of 48.9 years.

7.     The decedent, Bryan A. Applegate, left surviving him the following persons entitled to recover damages for his death:

| Victoria Applegate | - | Mother |
| Thomas Applegate | - | Father |

8.     The Plaintiff, through her attorneys, John R. Vivian, Jr., Esquire and Adam D. Meshkov, Esquire, subject to the Court's approval, has reached a settlement with the Defendant Primecare Medical Associates, Inc. and Kishorkumar Dedania, M.D., in the amount of Two Hundred Thirty Five Thousand ($235,000.00) Dollars for the decedent, Bryan A. Applegate in exchange for a Joint Tortfeasor Release, which is attached hereto as Exhibit "A".

9.     Victoria Applegate, Administratrix of the Estate of Bryan A. Applegate, has entered into a contingent fee arrangement with Plaintiff's counsel which provides for a contingent counsel fee of Thirty Six Percent (36%) on the gross amount recovered.  Therefore, the Plaintiff has incurred the following costs and obligations:

a.     Counsel Fees – John R. Vivian, Jr., Esquire and
        Adam D. Meshkov, Esquire
        (Per Contingency Fee Agreement attached hereto

as Exhibit "B")                                              $84,600.00

b.     Costs incurred in preparation of litigation
(see costs advanced attached hereto as Exhibit "C")   $ 35,393.33
                                                  TOTAL     $119,993.33

Plaintiff's attorneys, John R. Vivian, Jr., Esquire and Adam D. Meshkov, Esquire, believe that

this settlement is in the best interest of the Petitioner, Victoria Applegate.

10.     The Petitioner requests approval of the settlement in the following manner:

**Wrongful Death Action:**

John R. Vivian, Jr., Esquire and Adam D. Meshkov, Esquire
Counsel Fees…………………………………………………..   $54,990.00

Costs incurred in preparation of litigation………………………   $23,005.67

Balance due Victoria Applegate, Administrator of the Estate…………   $37,377.17
Balance due Thomas Applegate……………………………………   $37,377.17

**TOTAL WRONGFUL DEATH ACTION:**   **$152,750.00**

**Survival Action:**

John R. Vivian, Jr., Esquire and Adam D. Meshkov, Esquire
Counsel Fees…………………………………………………….   $29,610.00

Costs incurred in preparation of litigation………………………   $12,387.67

Balance due Victoria Applegate, Administrator of the Estate………   $20,126.17
Balance due Thomas Applegate……………………………………   $20,126.17

**TOTAL SURVIVAL ACTION:**   **$82,250.00**

11.     The Pennsylvania Department of Revenue has been notified of Petitioner's

proposed allocation of Sixty Five Percent (65%) to Wrongful Death and Thirty Five Percent

(35%) to Survival.  The Department of Revenue does not object to this allocation, see their correspondence dated October 12, 2018, attached hereto as Exhibit "D".

12.    The Defendants, Primecare Medical Associates, Inc. and Kishorkumar Dedania, M.D., hereto have requested and made a part of the settlement complete confidentiality as to all terms, fully realizing that the terms fully rests with the discretion of this Court.  Keeping the terms of the settlement with Defendants Primecare Medical Associates, Inc. and Kishorkumar Dedania, M.D., ONLY confidential and sealed so that they are not to be released except upon further Order of Court.

**WHEREFORE,** the parties respectfully request that this Honorable Court approve the settlement and distribution in the form of the attached Order keeping the terms of same confidential and sealed as to Primecare Medical Associates, Inc. and Kishorkumar Dedania, M.D.,  so that they are not to be released except upon further Order of this Courts, and accordingly, the Order that is attached reflects the preservation of this confidentiality.

Respectfully submitted,

Dated: 01/16/2019

JOHN R. VIVIAN, JR.
I.D. No. 34459
831 Lehigh Street
Easton, PA  18042
(610) 258-6625
jrvivian@verizon.net

Dated: 01/16/2019

ADAM D. MESHKOV
I.D. #94856
830 Lehigh Street
Easton, PA  18042
(610) 438-6300
adm@meshkovbreslin.com

COMMONWEALTH OF PENNSYLVANIA       )
                                  ) SS: AFFIDAVIT

COUNTY OF NORTHAMPTON              )

           **Victoria Applegate, Adm of the**         being duly sworn according to law,
                        **Estate of Bryan A. Applegate,**

deposes and says that the facts set forth in the foregoing   **Petition for Approval of**
**Settlement in a Wrongful Death and Survival Action,**

are true and correct to the best of his/her knowledge, information, and belief.

*Victoria Applegate*
VICTORIA APPLEGATE

Sworn to and subscribed before me

this 5th day of October, 20 18.

*Stella D. Hammerstone*
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
STELLA D. HAMMERSTONE, Notary Public
Easton City, Northampton County
My Commission Expires June 30, 2021

# EXHIBIT A

## JOINT TORTFEASOR RELEASE

1.  FOR AND IN CONSIDERATION of the sum of Two Hundred Thirty-Five Thousand and 00/100 Dollars ($235,000.00) paid to the undersigned, receipt of which is hereby acknowledged; the undersigned does fully release and discharge **PrimeCare Medical, Inc., Kishorkumar Dedania, M.D.** and **Beazley USA Services, Inc.**, all other persons, governmental entities, associations and corporations wherever or not named herein subject only to the provisions in paragraphs 2 and 3 below, their heirs, executors, administrators, successors, attorneys, assigns and insurers (hereinafter referred to collectively as "Releasees"), from any and all causes of action, claims and demands of whatsoever kind on account of all known and unknown injuries, losses and damages allegedly sustained by the undersigned and, specifically, from any claims or joinders for sole liability, contribution, indemnity or otherwise as a result of, arising from, or in any way connected with all medical care rendered by the above named Releasees, and on account of which legal action was instituted by the undersigned in the United States District Court for the Eastern District of Pennsylvania at Docket Number 5:17-cv-03885-EGS.  All sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.  The undersigned does understand, and agrees, that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that the payment of said sum is not an admission of liability by any party named herein.

2.  It is understood that I, **Victoria Applegate, Administratrix of the Estate of Bryan A. Applegate**, am not hereby releasing any claims or demands that I have against the County of Northampton and Bob Barker Company, Inc.

3.      It is further understood and agreed, however, that if it should be determined that the County of Northampton and/or Bob Barker Company, Inc. are jointly or severally liable to the Plaintiff with any person or entity herein released, in tort or otherwise, the claim against and damages recoverable from County of Northampton and/or Bob Barker Company, Inc., shall be reduced by the amount determined by the pro-rata share of legal responsibility or legal liability for which the parties herein released are found to be liable as a consequence of the aforesaid medical care or treatment.  It is intended that this Release shall comply with and be interpreted in accordance with the Uniform Contribution Among Joint Tortfeasors Act as enacted and amended in Pennsylvania.

4.      If it should appear or be adjudicated in any suit, action or proceeding, that said Releasees were guilty of joint negligence which caused injury, loss or damage, then in order to hold said Payers harmless I, as further consideration for said payment, will satisfy any decree, judgment or award in which there is such a finding or adjudication involving said Releasees on their behalf and to the extent of their liability for contribution, if it is held there is any liability for contribution.

5.      The undersigned hereby agrees, on her behalf and on behalf of her heirs, executors, successors and/or assigns, to satisfy from the proceeds of this settlement and to be solely responsible for any and all valid liens that have been asserted and/or which could be or may be asserted for reimbursement of any medical benefits or other benefits provided to Bryan A. Applegate by a third party as a result of the injuries claimed in the Legal Action referenced herein.  Further, the undersigned shall satisfy, by way of payment, reduction, and/or compromise, any and all Commonwealth of Pennsylvania Department of Human Services and/or Medicare and/or other statutory liens and conditional payments that have been, or may be, asserted against the plaintiff or the proceeds of this settlement.  The undersigned shall satisfy and otherwise comply with any

2

requirement for Medicare Set-Aside and/or statutory and/or regulatory provision or requirement regarding the protection of assets from these settlement proceeds for future medical care and treatment.   Additionally, the undersigned hereby agrees, on her behalf and on behalf of her heirs, executors, successors and/or assigns, to indemnify and save forever harmless the Releasees named in this document from and against any and all claims, demands or actions, known or unknown, made against the Releasees by any person or entity on account of, or in any manner related to or arising from the Legal Action noted above, including but not limited to any lien asserted for payment of medical expenses for Bryan A. Applegate.  Finally, the undersigned hereby agrees on her behalf and on behalf of her heirs, executors, successors and assigns to reimburse Releasees for any legal fees incurred as a result of any effort by a third party to satisfy any lien for medical benefits provided to Bryan A. Applegate.

      6.     I covenant and promise that neither I nor anyone on my behalf will communicate or disclose the terms of this Joint Tortfeasor Release to any persons other than my present attorneys, insurance company representatives, accountants and/or tax or financial consultants, state and federal tax authorities or other persons as may be required by law, provided however, that any such person or entity to whom disclosure is made shall be instructed, in advance, that the information is strictly confidential pursuant to this Release.  For all other purposes, we will indicate only that this matter has been "resolved."  Further, any court filings will be made under seal so that any reviews of court records will not in any way disclose the terms of the settlement.

      7.     If this settlement is ever determined by any court to be without effect because some necessary court approval was not obtained, or if the released parties are subjected to further legal action or claim which could not have been instituted or presented had proper court approval been

3

obtained by Plaintiff, then Plaintiff will indemnify the released parties for any future loss, cost, or expense, including but not limited to, reasonable attorney's fees for defending, litigating and settling any such claims or action, and for any judgment resulting from any such claim or action.

8.    It is further understood and agreed that there are no written or oral understandings or agreements, directly or indirectly, connected with this release and settlement, that are not incorporated herein.  This agreement shall be binding upon and inure to the successors, assigns, heirs, executors, administrators, and legal representatives of the respective parties hereto.

9.    It is further understood and agreed and made part hereof, that the undersigned, her family and representatives and her attorney(s) shall not comment, either directly or indirectly, on any aspect of this case or settlement to any member of the news media, or in any way publicize or cause to be publicized in any news or communications media, including but not limited to newspapers, magazines, journals, radio, television, on-line computer systems and law-related publications, the facts of this case, the existence of this settlement and the terms and conditions of this settlement. This paragraph is intended to become part of the consideration for settlement of this claim.

THE UNDERSIGNED HEREBY DECLARE that the terms of this settlement have been completely read; and she has discussed the terms of this settlement with legal counsel of her choice; and said terms are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims against Releasees on account of the injuries and damages above-mentioned, and for the express purpose of precluding forever any further or additional suits arising out of the aforesaid claims.

4

**IN WINTESS WHEREOF**, I have hereunto set my hand and seal this 9th day of _August_, 2018.

_Victoria Applegate_

VICTORIA APPLEGATE, Administratrix of
the Estate of BRYAN A. APPLEGATE

██ - ██ - ████

Signatory Social Security Number

Signatory Address

████████████████████

████████████████████

23 - 2325605

Tax ID # - Plaintiff Attorney Firm

LEGAL/117573569.v1

5

# EXHIBIT B

# POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS THAT I/WE Victoria

Applegate, Adm. of ███████████████████

███████████████████

do hereby make, constitute and appoint **John R. Vivian, Jr., Esquire**, my/our true and lawful

Attorney to institute and maintain any action at law or equity in any appropriate Court or forum

to recover damages for any and all causes of action against County of Northampton

and such other person or persons as may be liable, therefore, resulting from or incidental to the

happening on or about the 8th day of July , 20 15 . at or near

Northampton County Prison and Ferguson Safety Products

and to do all lawful acts requisite to prosecute, adjust or comprise said claim or claims, and to

execute all documents pertaining thereto, with exclusive right to conduct all negotiations, make

settlement with consent of the client, and receive payments; hereby ratifying and confirming all

that the said attorney or his substitutes shall do herein by virtue of these presents on my/our

behalf, subject to all settlements being approved by the client.

In consideration of the professional services, investigation and other services performed

by my attorney, my attorney shall receive 36% of any sum recovered from

any source on account of said accident by way of settlement, judgment or otherwise, such

amount to be prior to deduction of costs, disbursement and expenses in the investigation and the

*and Adam D. Meshkov, Esquire

trial of the case.  It is agreed that the obligation of the attorneys hereunder do no include filing or handling of an appeal from an adverse verdict or judgment at trial or the handling of an appeal by the adverse party.  It is further agreed that if there are any contingent fee limitations by nature of the laws of the State of Pennsylvania or any other law where this case is pending, this will be subject to those limitations.

Should no money be received by suit or settlement, said attorney or attorneys under him shall have no claim against me/us of any kind for services rendered.

Executed in triplicate of which one copy has been received by me/us this __1st__ day of

__August__, 20 __16__.

IN WITNESS WHEREOF, I/WE hereunto set my/our hand(s) and seal(s) this __1st__ day

of __August__, 20 __16__.

WITNESS:

_____

_____

_Victoria Applegate_ (SEAL)

_____ (SEAL)

# EXHIBIT C

**ESTATE OF BRYAN A. APPLEGATE**
**COSTS ADVANCED**

**2016**

| | |
|---|---|
| Register of Wills, Northampton County | 130.50 |
| MRO Corporation | 46.21 |

**2017**

| | |
|---|---|
| Prothonotary of Northampton County | 147.50 |
| Sheriff of Northampton County | 87.00 |
| Sheriff of Northampton County | 116.00 |
| Sheriff of Dauphin County | 47.25 |
| Patricia A. Zapf, Ph.D. | 4,000.00 |

**2018**

| | |
|---|---|
| Advantage Chauffeur Services | 189.90 |
| justfly.com (travel expenses expert) | 890.74 |
| The Lafayette Inn | 152.51 |
| Veritext Corp. | 524.95 |
| United States Treasury | 150.00 |
| Christopher G. Naugle | 72.20 |
| American Legal Services | 100.00 |
| Veritext Corp. | 2,686.65 |
| Patricia A. Zapf, Ph.D. | 7,500.00 |
| ERSA Court Reporters | 415.95 |
| Timothy Bruffey, M.S., CRC, LPC | 2,700.00 |
| Lonna Speer | 10,185.00 |
| Timothy Bruffey, M.S., CRC, LPC | 250.00 |
| Ferguson Safety Products | 352.83 |
| Federal Express | 81.14 |
| Ferguson Safety Products | 262.50 |
| Baute Crochetiere & Hartley | 1,500.00 |
| Veritext Corp. | 2,742.50 |
| Federal Express | 62.00 |

**TOTAL COSTS ADVANCED:**          **$35,393.33**

# EXHIBIT D

 **pennsylvania**
DEPARTMENT OF REVENUE

OCT 19 REC'D

October 12, 2018

John R. Vivian, Jr., Esquire
831 Lehigh Street
Easton, PA 18042

Estate of Bryan Applegate
File Number 4816-0713
United States District Court
Eastern District of Pennsylvania

Dear Mr. Vivian:

The Department of Revenue has received the Petition for Approval of Settlement Claim to be filed on behalf of the above-referenced Estate in regard to a wrongful death and survival action. It has been forwarded to this Bureau for the Commonwealth's approval of the allocation of the proceeds paid to settle the actions.

Pursuant to the Petition, the decedent died as a result of medical negligence. Decedent is survived by his parents.

Please be advised that, based upon these facts and for inheritance tax purposes only, this Department has no objection to the proposed allocation of the gross proceeds of this action, $217,750.00 to the wrongful death claim and $117,250.00 to the survival claim. Proceeds of a survival action are an asset included in the decedent's estate and are subject to the imposition of Pennsylvania inheritance tax. 42 Pa.C.S.A. §8302; 72 P.S. §9106, 9107. Costs and fees must be deducted in the same percentages as the proceeds are allocated. In re Estate of Merryman, 669 A.2d 1059 (Pa. Cmwlth. 1995).

I trust that this letter is a sufficient representation of the Department's position on this matter. As the Department has no objections to the Petition, an attorney from the Department of Revenue will not be attending any hearing regarding it. Please contact me if you or the Court has any questions or requires anything additional from this Bureau.

Sincerely,

Carolyn Dymond
Trust Valuation Specialist
Inheritance Tax Division